## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 3  05- 0518 |
| | ) | |
| EQUITAS, LP. | ) | Order |
| | ) | |
| Defendant. | ) | **JUDGE TRAUGER** |
| | ) | |

### CONSENT ORDER AND JUDGMENT

U. S. DISTRICT COURT - DE
MISC. CASE # - 0 5 -

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.      Pursuant to the provisions of 15 U.S.C. §687c, this Court takes exclusive jurisdiction of Equitas, LP ("Equitas") and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver of Equitas ("Receiver") to serve without bond until further order of this Court.  The Receiver is appointed for the purpose of marshalling and liquidating in an orderly manner all of Equitas's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court.

2.      The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, partners, managers, investment advisors and other agents of Equitas under applicable state and federal law, by the Certificate of Partnership and Partnership Agreement of said limited partnership, in addition to all powers and authority of a receiver at equity, and all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754.  The trustees, directors, officers, general partners, employees, managers, investment advisors and agents of Equitas are hereby dismissed.  Such persons shall have no authority with

1

respect to Equitas's operations or assets, except to the extent as may hereafter be

expressly granted by the Receiver. The Receiver shall assume and control the operation

of Equitas and shall pursue and preserve all of its claims.

   3.  The past and/or present officers, directors, trustees, general partners,

managers, investment advisors, agents, trustees, attorneys, accountants, and employees of

Equitas, as well as all those acting in their place, are hereby ordered and directed to turn

over to the Receiver forthwith all books, records, documents, accounts and all other

instruments and papers of and relating to Equitas and its assets and all other assets and

property of the corporation, whether real or personal. The Receiver will provide

reasonable access to all participants with regard to any investment in the Equitas

portfolio. The former President, General Partner and/or other agent of Equitas, shall

furnish a written statement within five (5) days after the entry of this Order, listing the

identity, location and estimated value of all assets of Equitas as well as the names,

addresses and amounts of claims of all known creditors of Equitas. Within thirty (30)

days following the entry of this Order, such person shall also furnish a written report

describing all assets. All persons having control, custody or possession of any assets or

property of Equitas are hereby directed to turn such assets and property over to the

Receiver.

   4.  The Receiver shall promptly give notice of its appointment to all known

officers, directors, general partners, agents, employees, shareholders, creditors and

debtors of Equitas, as the Receiver deems necessary or advisable to effectuate the

operation of the receivership. All persons and entities owing any obligation or debt to

Equitas, until further ordered by this Court, pay all such obligations in accordance with

the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if Equitas had received such payments.

5.    The Receiver is hereby authorized to open such Receiver's accounts at banking or other financial institutions to extend credit on behalf of Equitas, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel.  The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership.  In addition, the Receiver is authorized to reimburse the SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership.  The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any asset (including without limitation any claim), other than real estate.

6.    Equitas's past and/or present officers, directors, partners, agents, accountants, managers, shareholders, employees, debtors and creditors of Equitas and other appropriate persons (including without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath to the Receiver all questions which the Receiver may put to them in compliance with the Federal Rules

of Civil Procedure, and pursuant thereto shall produce any documents as required by the Receiver regarding the business of said corporation, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to Equitas. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other discovery concerning the assets, property or business operations of Equitas, or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to Equitas, the Receiver shall make its discovery request(s) in compliance with the Federal Rules of Civil Procedure.

7.     The parties, or any prospective parties, to any and all civil legal proceedings of any nature, excluding the instant proceeding, but including without limitation bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving Equitas or any assets of Equitas, including subsidiaries, partnerships and other business combinations of Equitas, wherever located, or involving Equitas, the Receiver, or any of Equitas's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding or any such asset.

8.     All civil legal proceedings of any nature, excluding the instant proceeding, but including without limitation bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other action of any nature involving Equitas

or any assets of Equitas, including subsidiaries, partnerships and other business combinations of Equitas, wherever located, and excluding the instant proceeding, or involving Equitas, the Receiver, or any of Equitas's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

9.     Further, as to a cause of action accrued or accruing in favor of Equitas against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against the commencement of legal proceedings is in effect as to that cause of action.

10.     Equitas and its past and/or present directors, officers, managers, general or limited partners, agents, investment advisors, employees and other persons acting in concert or participating therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and/or property of Equitas to the detriment of the Receiver appointed in this cause, including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. 661 et. seq., or the regulations promulgated thereunder ("Regulations"), 13 C.F.R. Part 107.

11.     The Receiver is authorized to borrow on behalf of Equitas, from the SBA, up to $500,000 and is authorized to cause Equitas to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear

interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall be deemed to be administrative expenses of the Receivership.

12.    Judgment is hereby entered in favor of Plaintiff, Untied States of America, on behalf of its agency, the U.S. Small Business Administration ("SBA"), against Defendant, Equitas, LP ("Equitas"), the principal sum of $6,691,986.00 in principal and accrued interest of $121,280.44 through June 30, 2005 with a *per diem* of $1,347.56 through the date of judgment and post judgment interest therefrom.

13.    This Court determines and adjudicates that Equitas has violated the Act and the Regulations. A Receiver shall be appointed based on Equitas's consent.

SEEN AND AGREED BY EQUITAS, LP AND THE SMALL BUSINESS
ADMINISTRATION, THROUGH THEIR DULY AUTHORIZED
REPRESENTATIVES:

President
General Partner, Equitas, LP


Gail G. Green
Chief, Account Resolution Branch
U.S. Small Business Administration



SO ORDERED, DATED this __9th__ day of ___August___, 200 5 .

UNITED STATES DISTRICT COURT JUDGE

7